UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:23-CV-00149-CRS

SHELLEY E. KEELING                                                                    PLAINTIFF

v.

KEN'S TRUCK AND TRAILER REPAIR                                          DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Shelley E. Keeling, has filed a *pro se, in forma pauperis* complaint. This matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the court will dismiss this action.

## BACKGROUND

Plaintiff alleges that she is a resident of Paducah, Kentucky and that Defendant's business is also located in Paducah Kentucky. Complaint, DN 01. Plaintiff asserts that she entered a contract with Defendant for repairs to an "R.V." *Id.* Plaintiff alleges that Defendant charged him for these repairs and she paid Defendant $3,200 in cash. *Id.* Next, Plaintiff alleges that because Defendant did not perform needed repairs, she was required to hire another company to fix the R.V. *Id.* Plaintiff avers that she incurred additional costs for "room and board" while awaiting repairs but does not state the amount of those costs or the amount of any other expenses. *Id.*

## ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1 979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Based on Plaintiff's allegations, the court construes his Complaint as a claim for breach of contract which seeks compensatory damages in the amount of $3,200 plus some unquantified additional expenses. This is a state-law claim, arising under the laws of Kentucky. The Complaint also reveals that Plaintiff and Defendant are both citizens of Kentucky.  Given these circumstances, this federal court cannot hear Plaintiff's claim because this court lacks jurisdiction, *i.e.*, the power to hear the matter.

Jurisdiction in federal courts is limited: "it is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman* 347 F.3d 138, 141 (6th Cir. 2003).  Generally, there are two ways by which a federal court may obtain jurisdiction. The first way is federal question jurisdiction.  In order for federal question jurisdiction to exist, the

plaintiff's claim must arise under federal law:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Second, federal courts may hear cases if there is complete diversity (the parties are citizens of different states) and the amount in controversy is greater than $75,000: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  Here, there is no federal question, diversity is lacking and Plaintiff does not allege that there is more than $75,000 in controversy.  Thus, this federal court does not jurisdiction to consider Plaintiff's claim and the case must be dismissed.  Accordingly, the court will enter a separate order dismissing this action.

December 4, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*

3